MEGHANN A. TRIPLETT (SBN 268005)
Meghann@MarguliesFaithLaw.com
SAMUEL M. BOYAMIAN (SBN 316877)
Samuel@MarguliesFaithLaw.com
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

FILED
3:20 pm
OCT 11 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:22-bk-11181-MB |
| NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC., | Chapter: 11 (Subchapter V) |
| Debtor. | |
| JEREMY W. FAITH, Chapter 11 Plan Fiduciary, | Adv. No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549];** |
| WAYNESTON HARBESON, an individual | **(2) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502];** |
| Defendant. | **(3) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND** |
| | **(4) PRESERVING TRANSFERS [11 U.S.C. § 551]** |

Plaintiff Jeremy W. Faith ("Plaintiff"), the chapter 11 Plan Fiduciary for the chapter 11 bankruptcy estate ("Estate") of reorganized debtor National Association of Television Program Executives, Inc., (the "Debtor" or "NATPE"). Plaintiff brings this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. §§ 1123(b)(3)(B) and 1104(d) and this Court's *Order Confirming Second Amended Subchapter V Chapter 11 Plan with Modifications* appointing Plaintiff as the Plan Fiduciary for the Estate (Dkt. No. 258). As Plaintiff was not appointed until after NATPE filed bankruptcy, Plaintiff does not have personal knowledge of the facts alleged in this Compliant and therefore alleges those facts on information and belief.

## JURISDICTION AND VENUE

1.  In accordance with the requirements of Local Bankruptcy Rule 7008-1, the San Fernando Valley Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the Chapter 11 case of the Debtor currently pending in the United States Bankruptcy Court for the Central District of California, as *In re National Association of Television Program Executives, Inc.*, Case Number 1:22-bk-11181-MB (the "Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Estate because it will impact the disposition property of the Estate and the amount of money available for distribution to creditors. Certain of the claims for relief alleged in this Complaint constitute core proceedings under 28 U.S.C. § 157(b). Regardless of whether this proceeding is a core proceeding, consent is given to the entry of a final orders and judgment by the Bankruptcy Court. Defendant is hereby notified that Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the claims for relief alleged against such defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court. Certain of the claims for relief alleged in this Complaint constitute core proceedings under 28 U.S.C. § 157(b). Regardless of whether this proceeding is a core proceeding, consent is given to

the entry of a final orders and judgment by the Bankruptcy Court. Defendant is hereby notified that Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the claims for relief alleged against such defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the NATPE bankruptcy case is pending in this district and division. Pursuant to 28 U.S.C. § 1391, venue is also appropriate in this district and division because each of the defendants either resides in or is authorized to and regularly does carry out business in this district and many of their wrongful acts, omissions and/or conduct as complained of in this Complaint took place within this district. Accordingly, this Court also has personal jurisdiction over each of the defendants.

## PARTIES

3. Plaintiff Jeremy W. Faith ("Plaintiff") is the Chapter 11 Plan Fiduciary of the Debtor's Estate and brings this action solely in his capacity as the chapter 11 Plan Fiduciary for the debtor's Estate.

4. Plaintiff is informed and believes that Defendant Wayneston Harbeson ("Harbeson" or "Defendant") is the former Senior Vice President of Events and Operations of the Debtor and is subject to the jurisdiction of this court.

## GENERAL ALLEGATIONS

5. NATPE is a is a non-profit corporation organized under the laws of the State of Delaware. Until shortly after its bankruptcy filing, the company was operating as a global content association and professional membership organization consisting of television, media executives and other members of the content business. NATPE's main source of revenue was its annual conference and market.

6. At all relevant times herein Harbeson was the Senior Vice President of Events and Operations of the Debtor.

7. NATPE filed for bankruptcy protection on October 11, 2022 (the "Petition Date"). NATPE elected to proceed as a Supchapter V debtor.

8.    On or about October 13, 2022, NATPE and Defendant entered into a Separation Agreement and Release (the "Separation Agreement") whereby NATPE terminated Defendant's employment with the company effective at close of business October 14, 2024.

9.    The Separation Agreement provided for payment of $39,478.70 as severance to be paid to Defendant within seven days following Bankruptcy Court approval.

10.    On November 9, 2022, the Debtor filed a motion seeking a court order authorizing it to pay pre-petition commissions to its employees and independent contractors, and approval of severance plans for its employees, including to Defendant.

11.    The Wage Motion sought Bankruptcy Court approval to pay Defendant $39,487.70 in Severance payments pursuant to the Separation Agreement, of which $15,150.00 would be paid pursuant to the Wage Motion and the balance as a general unsecured claim.

12.    Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach opposed the Wage Motion. The Debtor subsequently voluntarily dismissed the Wage Motion and never obtained Bankruptcy Court approval for payments under the Separation Agreement to Defendant.

13.    Shortly after the Petition Date, NATPE sold substantially all of its assets for $150,000 as well as the assumption of certain assumed deferred revenue liabilities of the Debtor through a Court-approved sale. (Dkt. No. 48). The Court approved the sale of substantially all of NATPE's assets on January 6, 2023 and there were no further operations. (Dkt. No. 59).

14.    Plaintiff is informed and believes that on or about October 14, 2022, the Debtor paid Defendant $24,230.78 in partial satisfaction of the Severance (the "Severance Payment").

15.    Plaintiff is informed and believes that on or immediately after the Petition Date, Defendant paid $15,000 from the Debtor for consulting fees (the "Consulting Fees", collectively with the Severance Payment, the "Post-Petition Transfers").

16. Plaintiff is informed and believes that in or around November of 2022, Defendant contracted with C21 Media, one of NATPE's direct competitors to, "oversee operations and sales for Content Americas and a raft of new C21 initiatives."

17. The Debtor's Schedule F filed in the Bankruptcy Case lists Defendant as holding an unsecured claim of $39,487.70 of which $15,150.00 is scheduled as priority unsecured debt for "wages, salaries, and commissions."

18. Plaintiff is informed and believes that the Post-Petition Transfers were made without proper authorization from the Bankruptcy Court.

19. Plaintiff is informed and believes that Defendant did not provide value or services to the Debtor in exchange for the Post-Petition Transfers.

**FIRST CLAIM FOR RELIEF**

**(To Avoid of Post-Petition Transfers under 11 U.S.C. § 549)**

20. Plaintiff hereby incorporates herein by reference paragraphs of the Complaint as if fully set forth herein.

21. Plaintiff is informed and believes that the Post-Petition Transfers were transfers of property of the Estate.

22. Plaintiff is informed and believes that the Post-Petition Transfers occurred after the commencement of the Debtor's bankruptcy case.

23. The Post-Petition Transfers were not authorized by the Bankruptcy Court or the Bankruptcy Code. Accordingly, pursuant to 11 U.S.C. § 549 Plaintiff is entitled, on behalf of the Estate, to avoid and recover the amount of the Post-Petition Transfers and recover the equivalent value from Defendant.

**SECOND CLAIM FOR RELIEF**

**(Disallowance of Claim)**

**[11 U.S.C. § 502]**

24. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

25. Plaintiff is informed and believes that the Defendant is an entity from which

property is recoverable under 11 U.S.C. § 550.

26. Defendant has not paid Plaintiff or the Estate the amount for which Defendant is liable under 11 U.S.C. § 550.

27. Defendant has not turned over to Plaintiff or the Estate, the property for which Defendant is liable under 11 U.S.C. § 550.

28. Accordingly, to the extent Defendant has a claim in the Debtor's Bankruptcy Case, such claim should be disallowed pursuant to 11 U.S.C. § 502(d).

### THIRD CLAIM FOR RELIEF

**(Recovery of Avoided Transfers 11 U.S.C. § 550)**

29. Plaintiff hereby incorporates herein by reference paragraphs of the Complaint as if fully set forth herein.

30. Plaintiff is informed and believes that Defendant was the initial transferee of the Transfers and/or Defendant was the entity for whose benefit the Transfers were made or the mediate or immediate transferee of the Transfers.

31. Pursuant to 11 U.S.C. § 550, Plaintiff may recover from Defendant the value of the property transferred through the Transfers, plus interest at the maximum legal rate from and after the date of each of the Transfers.

### FIFTH CLAIM FOR RELIEF

**(Preservation of Avoided Transfers)**

**[11 U.S.C. § 551]**

32. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

33. Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the Estate, the Transfers once avoided.

**WHEREFORE**, Plaintiff prays for relief as follows:

    a. For judgment avoiding the Post-Petition Transfers under 11 U.S.C. § 549;

    b. For disallowance of any claims asserted by Defendant, pursuant to 11 U.S.C. § 502;

c. For an order recovering and preserving the Transfers or the value of said transfers for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

d. For costs of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

e. For such other and further relief as this Court deems just and proper.

DATED: October 11, 2024         **MARGULIES FAITH, LLP**

By: *[signature]*
Meghann A. Triplett
Samuel M. Boyamian
Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jeremy W. Faith, Chapter 11 Plan Fiduciary | **DEFENDANTS**<br>Waynoston Harbeson |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Meghann A. Triplett        Phone: (818) 705-2777<br>Margulies Faith, LLP<br>16030 Ventura Blvd., Suite 470, Encino, CA 91436 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

FILED OCT 11 2024 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA Deputy Clerk

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Avoidance of Postpetition Transfers [11 U.S.C. § 549]; (2) Disallowance of Claims [11 U.S.C. § 502]; (3) Recovery of Avoided Transfers [11 U.S.C. § 550]; and (4) Preserving Transfers [11 U.S.C. § 551]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> National Association of Television Program Executives, Inc. | | **BANKRUPTCY CASE NO.** <br> 1:22-bk-11181-MB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISION OFFICE** <br> San Fernando Valley | **NAME OF JUDGE** <br> Martin R. Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISION OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/s/ Samuel Boyamian/*

| **DATE** <br> 10/11/24 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Samuel M. Boyamian |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.