MEGHANN A. TRIPLETT (SBN 268005)
*Meghann@MarguliesFaithLaw.com*
SAMUEL M. BOYAMIAN (SBN 316877)
*Samuel@MarguliesFaithLaw.com*
JONATHAN SERRANO (SBN 333225)
*Jonathan@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Jeremy W. Faith, Chapter 11 Plan Fiduciary

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:22-bk-11181-MB |
| NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC., | Chapter 7 |
| | Adv. No.: 1:24-ap-01051-MB |
| Debtor. | |
| JEREMY W. FAITH, Chapter 11 Plan Fiduciary, | **PLAINTIFF'S UNILATERAL STATUS REPORT** |
| Plaintiff, | **Status Conference:** |
| v. | Date:  April 16, 2025<br>Time:  1:30 p.m. |
| WAYNESTON HARBESON, an individual | Place: U.S. Bankruptcy Court<br>Courtroom 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |
| Defendant. | |

**A.    PLEADINGS/SERVICE**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims documents)? **Yes.**

2. Have all parties filed and served answers to the Claims Documents? **No**

3. Have all motions addressed to the Claims Documents been resolved? **No**

4. Have counsel met and conferred in compliance with LBR 7026-1? **Yes**

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES", please explain: **See Section G Below.**

**B.  READINESS FOR TRIAL**

1.  When will you be ready for trial in this case? **N/A**

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay. **N/A**

3.  When do you expect to complete your discovery efforts? **N/A**

4.  What additional discovery do you require to prepare for trial? **N/A**

**C.  TRIAL TIME**

1.  What is your estimate of the time required to present your side of the case at trial (including rebuttal stage of applicable)? **N/A**

2.  How many witnesses do you intend to call at trial (including opposing parties)? **N/A**

3.  How many exhibits do you anticipate using at trial? **N/A**

**D.  PRETRIAL CONFERENCE**

1.  A pretrial conference is requested.

**E.  SETTLEMENT**

1.  What is the status of settlement efforts? **The Parties have begun initial settlement discussions. Plaintiff is presently waiting on documents to be produced by the Defendant that are relevant to the claims and will aid in settlement negotiations.**

2.  Has this dispute been formally mediated? **No**

3.  Do you want this matter sent to mediation at this time? **No**

**F.  FINAL JUDGMENT/ORDER**:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent. **Plaintiff consents. Defendant has not filed a response to the complaint.**

**G.    ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL**:

On October 11, 2024, Plaintiff filed a complaint ("Complaint") against the Defendant commencing the above referenced adversary proceeding.

Plaintiff and Defendant have had an initial meet and confer with respect to the Complaint. Based on the initial meet and confer, the parties filed a stipulation, *inter alia*, continuing the deadline to respond to the Complaint to January 15, 2024 ("Response Deadline"); the deadline to exchange Initial Disclosures to January 31, 2025 ("Disclosure Deadline"); and continuing the status conference hearing to February 18, 2025, at 1:30 p.m. that was approved by the Court on December 4, 2024 [Dkt. No. 10].

Thereafter, the Parties entered into a Second Stipulation to extend the Response Deadline to February 14, 2025; the Disclosure Deadline to March 3, 2025; and continue the status conference to April 16, 2025 (the "Second Stipulation") [Dkt. No. 13]. The Second Stipulation was approved by the Court on February 25, 2025 [Dkt. No. 16].

Following the filing of the Second Stipulation, the parties engaged in additional settlement negotiations. On April 2, 2025, counsel for Plaintiff sent counsel for the Defendant (who is also counsel for related defendant Charlie Weiss, Adv. Proc. No. 1:24-ap-01049-MB) Matthew Knepper ("Mr. Knepper") an email requesting certain documents that the parties had contemplated being produced as part of settlement discussions. Plaintiff also proposed continuing deadlines pending this production and circulated a draft of a proposed Third Stipulation to Continue the current deadlines in this case including the upcoming status conference (the "Third Stipulation"). However, despite multiple follow-up emails, other than receiving a prompt email response from Mr. Knepper on April 2nd to the document request that: "I will get this request to my clients immediately," Plaintiff has not received any further response from Defendant regarding the Third Stipulation or filing a status report. Defendant has also not filed a response to the Complaint.

Prior to preparing the instant report, Counsel sent an additional email and left a voicemail for Defendant's counsel Matthew Knepper. Plaintiff also served its Initial Rule 26 Disclosures on Defendant.

At this time, Plaintiff requests a 30-day continuance of the status hearing to see if the parties are able to restart their settlement negotiations.  If no response from Mr. Knepper is received in the next week, Plaintiff will proceed with filing a Request for Entry of Default in the Adversary.

DATED:  April 9, 2025                    **MARGULIES FAITH, LLP**

By: */s/ Meghann A. Triplett*
Meghann A. Triplett
Samuel M. Boyamian
Jonathan Serrano
Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

## DECLARATION OF MEGHANN A. TRIPLETT

I, Meghann A. Triplett, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and before the United States District Court for the Central District of California. I am an attorney at the law firm of Margulies Faith, LLP, and am one of the attorneys responsible for the representation of Jeremy W. Faith, Chapter 11 Plan Fiduciary for National Association of Television Program Executives, Inc. ("NATPE" or "Debtor") and Plaintiff herein ("Plaintiff").

2. I make this Declaration in support of the Plaintiff's unilateral status report, to which this declaration is attached.

3. On October 11, 2024, Plaintiff filed a complaint ("Complaint") against the Defendant commencing the above referenced adversary proceeding.

4. Plaintiff and Defendant have had an initial meet and confer with respect to the Complaint. Based on the initial meet and confer, the parties filed a stipulation, *inter alia*, continuing the deadline to respond to the Complaint to January 15, 2024 ("Response Deadline"); the deadline to exchange Initial Disclosures to January 31, 2025 ("Disclosure Deadline"); and continuing the status conference hearing to February 18, 2025, at 1:30 p.m. that was approved by the Court on December 4, 2024 [Dkt. No. 10].

5. Thereafter, the Parties entered into a Second Stipulation to extend the Response Deadline to February 14, 2025; the Disclosure Deadline to March 3, 2025; and continue the status conference to April 16, 2025 (the "Second Stipulation") [Dkt. No. 13]. The Second Stipulation was approved by the Court on February 25, 2025 [Dkt. No. 16].

6. Following the filing of the Second Stipulation, the parties engaged in additional settlement negotiations. On April 2, 2025, my colleague Samuel Boyamian, sent counsel for the Defendant (who is also counsel for related defendant Charlie Weiss, Adv. Proc. No. 1:24-ap-01049-MB) Matthew Knepper ("Mr. Knepper") an email requesting certain documents that the parties had contemplated being produced as part of settlement discussions. Plaintiff also proposed continuing deadlines pending this production and

circulated a draft of a proposed Third Stipulation to Continue the current deadlines in this case including the upcoming status conference (the "Third Stipulation"). I was also copied these email communications.

7. However, despite multiple follow-up emails, other than receiving a prompt email response from Mr. Knepper on April 2nd to the document request that: "I will get this request to my clients immediately," Plaintiff has not received any further response from Defendant regarding the Third Stipulation or filing a status report. Defendant has also not filed a response to the Complaint.

8. Prior to preparing the instant report, I sent an additional email and left a voicemail for Defendant's counsel Matthew Knepper but as of the filing of this report, have not received any response. Plaintiff also served its Initial Rule 26 Disclosures on Defendant.

9. Based on the foregoing, Plaintiff respectfully requests a 30-day continuance of the status hearing to see if the parties are able to restart their settlement negotiations. If no response from Mr. Knepper is received in the next week, Plaintiff will proceed with filing a Request for Entry of Default in the Adversary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that this Declaration was executed on April 9, 2025, at San Luis Obispo

                                              */s/ Meghann A. Triplett*
                                                Meghann A. Triplett

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the documents entitled **PLAINTIFF'S UNILATERAL STATUS REPORT; DECLARATION OF MEGHANN A. TRIPLETT IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 9, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Samuel Mushegh Boyamian on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
**John-Patrick McGinnis Fritz (TR)**
jpftrustee@lnbyg.com, jpf@trustesolutions.net
**Jonathan Serrano on behalf of Interested Party Courtesy NEF**
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
**Meghann A Triplett on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
**United States Trustee (SV)**
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On **April 9, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY:** Service on Judge not required per Judge Barash's Procedures re: Serving Judge's Copy of Documents
**COUNSEL FOR DEFENDANT:**
Matthew I. Knepper, Esq. Nevada Bankruptcy Attorneys LLC 5502 S. Fort Apache Rd. Suite #200 Las Vegas, NV 89148

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 9, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Counsel for Defendant Matthew Knepper**
Email: mknepper@nvbankruptcyattorneys.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 9, 2025 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.