MEGHANN A. TRIPLETT (SBN 268005)
*Meghann@MarguliesFaithLaw.com*
JONATHAN SERRANO (SBN 333225)
*Jonathan@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Jeremy W. Faith, Chapter 11 Plan Fiduciary

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:22-bk-11181-MB |
| NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC., | Chapter 7 |
| | Adv. No.: 1:24-ap-01051-MB |
| Debtor. | |
| JEREMY W. FAITH, Chapter 11 Plan Fiduciary, | **PLAINTIFF'S UNILATERAL STATUS REPORT** |
| Plaintiff, | **Status Conference:**<br>Date:   December 11, 2025<br>Time:   1:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>        Courtroom 303<br>        21041 Burbank Boulevard<br>        Woodland Hills, CA 91367 |
| v. | |
| WAYNESTON HARBESON, an individual | |
| Defendant. | |

**A.   PLEADINGS/SERVICE**

1.   Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims documents)?  **Yes.**

2.   Have all parties filed and served answers to the Claims Documents?  **No**

3.   Have all motions addressed to the Claims Documents been resolved?  **No**

4.   Have counsel met and conferred in compliance with LBR 7026-1?  **Yes**

5.   If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES", please explain:  **On December 3, 2025, Default was entered against Defendant under L.B.R. Rule 7055-1(a).** *See Section G Below.*

B.   **READINESS FOR TRIAL**

1.   When will you be ready for trial in this case?  **N/A**

2.   If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.  **N/A**

3.   When do you expect to complete your discovery efforts?  **N/A**

4.   What additional discovery do you require to prepare for trial?  **N/A**

C.   **TRIAL TIME**

1.   What is your estimate of the time required to present your side of the case at trial (including rebuttal stage of applicable)?  **N/A**

2.   How many witnesses do you intend to call at trial (including opposing parties)?  **N/A**

3.   How many exhibits do you anticipate using at trial?  **N/A**

D.   **PRETRIAL CONFERENCE**

1.   A pretrial conference is requested.

E.   **SETTLEMENT**

1.   What is the status of settlement efforts?  **Defendant did not respond to Plaintiff's last settlement offer or email communications. Plaintiff remains available to discuss settlement but intends to move forward with a motion for default judgment absent a firm resolution.**

2.   Has this dispute been formally mediated?  **No**

3.   Do you want this matter sent to mediation at this time?  **No**

F.   **FINAL JUDGMENT/ORDER**:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select

either box below may be deemed consent.  **Plaintiff consents. Defendant has not filed a response to the complaint.**

G.　　ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:

On October 11, 2024, Plaintiff filed a complaint ("Complaint") against the Defendant commencing the above referenced adversary proceeding.

Following the filing of the Complaint, the parties had an initial meet and confer conference and subsequently stipulated, *inter alia*, to continue Defendant's deadline to respond to the Complaint to January 15, 2024 ("Response Deadline") and to continue the status conference hearing in this matter to February 18, 2025 which was approved by the Court on December 2, 2024.  Thereafter, Defendant retained Matthew I. Knepper, Esq., and his firm Nevada Bankruptcy Attorneys, LLC as counsel and the parties entered into a Second Stipulation to extend the Response Deadline to February 14, 2025 (the "Continued Response Deadline"); and continue the status conference to April 16, 2025 which was approved by the Court on February 25, 2025.

Following the filing of the Second Stipulation, the parties engaged a voluntary exchange of documents and negotiations and obtained further continuances of the status conference hearing.  While discussions continued, Defendant never requested a further extension of the Continued Response Deadline and to date has not filed an answer to the Complaint.

On October 16, 2025, Plaintiff sent a formal settlement offer to Defendant.

On October 17, 2025, the parties filed a Joint Status Report indicating that a resolution was likely with a further period for negotiation and requested a continuance of the October 23, 2025 status hearing.  The October 23rd status hearing was continued to December 11, 2025 due to the government shutdown.

On November 24, 2025, Plaintiff emailed Defendant's counsel regarding the December 11, 2025 status conference hearing and intent to file a request for entry of default absent a firm resolution.  To date, Plaintiff has not received any response.

/ / /

3

On December 2, 2025, Plaintiff filed his Request for Clerk to Enter Default Under LBR 7055-1(a) against Defendant Harbeson ("Request for Default'). Plaintiff served the Request for Default on Defendant individually via U.S. Mail and on Defendant's counsel via email.

On December 3, 2025, a Notice that Clerk has Entered Default Against Defendant Under Local Bankruptcy Rule 7055-(a) was entered in the Adversary Proceeding.

Plaintiff intends to proceed with a Motion for Default Judgment against Defendant Harbeson within the next thirty days and requests that the Court continue the status conference hearing in this matter to February 12, 2026 at 1:30 p.m. to be heard concurrently with the continued status hearings in the related NATPE adversaries.

DATED: December 10, 2025　　　　　**MARGULIES FAITH, LLP**

　　　　　　　　　　　　　　　　　　By: */s/ Meghann A. Triplett*
　　　　　　　　　　　　　　　　　　　Meghann A. Triplett
　　　　　　　　　　　　　　　　Attorneys for Plaintiff, Jeremy W. Faith,
　　　　　　　　　　　　　　　　　　Chapter 11 Plan Fiduciary

## DECLARATION OF MEGHANN A. TRIPLETT

I, Meghann A. Triplett, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and before the United States District Court for the Central District of California. I am an attorney at the law firm of Margulies Faith, LLP, and am one of the attorneys responsible for the representation of Jeremy W. Faith, Chapter 11 Plan Fiduciary for National Association of Television Program Executives, Inc. ("NATPE" or "Debtor") and Plaintiff herein ("Plaintiff").

2. I make this Declaration in support of the Plaintiff's unilateral status report, to which this declaration is attached.

3. On October 11, 2024, Plaintiff filed a complaint ("Complaint") against the Defendant commencing the above referenced adversary proceeding.

4. Following the filing of the Complaint, I had an initial meet and confer conference with Defendant via telephone and subsequently stipulated to continue Defendant's deadline to respond to the Complaint to January 15, 2024 ("Response Deadline") and to continue the status conference hearing in this matter to February 18, 2025. The Stipulation was approved by the Court on December 2, 2024.

5. Thereafter, Defendant retained attorney Matthew I. Knepper, Esq., and his firm Nevada Bankruptcy Attorneys, LLC as counsel and the parties entered into a Second Stipulation to extend the Response Deadline to February 14, 2025 (the "Continued Response Deadline"); and continue the status conference to April 16, 2025 which was approved by the Court on February 25, 2025.

6. Following the filing of the Second Stipulation, the parties engaged a voluntary exchange of documents and negotiations and obtained further continuances of the status conference hearing. While discussions continued, Defendant never requested a further extension of the Continued Response Deadline and to date has not filed an answer to the Complaint.

/ / /

7. On October 16, 2025, I sent a formal settlement offer to Defendant through his counsel, Mr. Knepper. No response was received to this offer.

8. On October 17, 2025, the parties filed a Joint Status Report indicating that a resolution was likely with a further period for negotiation and requested a continuance of the October 23, 2025 status hearing. The October 23rd status hearing was continued to December 11, 2025 due to the government shutdown.

9. On November 24, 2025, I emailed Mr. Knepper regarding the December 11, 2025 status conference hearing and intent to file a request for entry of default in the absence of a firm resolution. To date, I have not received any response.

10. On December 2, 2025, Plaintiff filed his Request for Clerk to Enter Default Under LBR 7055-1(a) against Defendant Harbeson ("Request for Default'). My firm served the Request for Default on Defendant individually via U.S. Mail and on Defendant's Counsel via email.

11. On December 3, 2025, a Notice that Clerk has Entered Default Against Defendant Under Local Bankruptcy Rule 7055-(a) was entered in the Adversary Proceeding.

12. Plaintiff intends to proceed with a Motion for Default Judgment against Defendant Harbeson within the next thirty days and requests that the Court continue the status conference hearing in this matter to February 12, 2026 at 1:30 p.m. to be heard concurrently with the continued status hearings in the related NATPE adversaries.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that this Declaration was executed on December 10, 2025, at San Luis Obispo, California.

*/s/ Meghann A. Triplett*
Meghann A. Triplett

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the documents entitled **PLAINTIFF'S UNILATERAL STATUS REPORT; DECLARATION OF MEGHANN A. TRIPLETT IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 10, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 10, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY:** Service on Judge not required per Judge Barash's Procedures re: Serving Judge's Copy of Documents
**COUNSEL FOR DEFENDANT:** Matthew I. Knepper, Esq. Nevada Bankruptcy Attorneys LLC 5502 S. Fort Apache Rd. Suite #200 Las Vegas, NV 89148
**DEFENDANT:** Wayneston Harbeson, 8992 Rutherford Grove, Las Vegas, NV 89148

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 10, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SENT VIA EMAIL:**
**COUNSEL FOR DEFENDANT**: Matthew Knepper, Esq. - Email: mknepper@nvbankruptcyattorneys.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 10, 2025 | Vicky Castrellon | /s/ Vicky Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE LIST (if needed):

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Samuel Mushegh Boyamian on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

**John-Patrick McGinnis Fritz (TR)**
jpftrustee@lnbyg.com, jpf@trustesolutions.net

**Jonathan Serrano on behalf of Interested Party Courtesy NEF**
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

**Meghann A Triplett on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

**United States Trustee (SV)**
ustpregion16.wh.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**